UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ROBERT LYNN and ROBERT LYNN COMPANY, INC., ) ) ) | |
| Appellant, ) ) | |
| v. ) ) | Case No. 4:15-cv-00029-TWP-TAB |
| KATHRYN L. PRY, The Chapter 7 Trustee for the Bankruptcy Estate of Daniel R. Lynn, ) ) ) | |
| Appellee. ) | |

**ENTRY ON PENDING MOTIONS**

This matter is before the Court on the Motion to Dismiss Appeal or, in the Alternative, to Strike Appellants' Brief; and for Sanctions (Filing No. 10) and Appellee's Motion to Strike Portion of Appellants' Statement of Issues on Appeal (Filing No. 21), filed by Appellee Kathryn L. Pry, the Chapter 7 Trustee for the Bankruptcy Estate of Daniel R. Lynn ("the Trustee"). Appellants Robert Lynn ("Mr. Lynn") and Robert Lynn Company, Inc. ("Robert Lynn Inc.") (collectively, "Appellants") filed this action to appeal a judgment entered by the United States Bankruptcy Court for the Southern District of Indiana, in Adversary Proceeding No. 13-59067. The Trustee asks the Court to dismiss the appeal because Appellants are appealing a judgment in their own favor and have consistently failed to comply with the applicable Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In the alternative, the Trustee seeks an order striking the Brief of Appellant filed by Mr. Lynn on April 24, 2015 and seeks an award of appropriate sanctions in her favor. For the reasons below, the Court **DENIES** in part and **GRANTS** in part the Trustee's Motion to Dismiss and **DENIES as moot** the Motion to Strike.

# I. BACKGROUND

The Appellants' appeal is littered with procedural and filing errors, and missed deadlines, both before the bankruptcy court and this Court, all of which are relevant to the resolution of the pending Motions. On February 27, 2015, the bankruptcy court entered judgment in favor of Mr. Lynn individually but against Robert Lynn Inc. That same day, the bankruptcy court denied as moot two duplicate motions to strike. On March 10, 2015, Appellants filed two identical Notices of Appeal before the bankruptcy court, appealing both the bankruptcy court's judgment order and the bankruptcy court's order on the motion to strike. The text of each Notice of Appeal is identical and both Notices state: "Notice is given that the Defendant Robert Lynn Company, Inc. and Robert Lynn, appeals under 28 U.S.C. section 158(a)…" (Adversary Proceeding No. 13-59067, Filing No. 58 and 59). The confusing nature of the two filings resulted in duplicate appeals being opened in the district court; the instant appeal on behalf of Mr. Lynn, and an appeal in Case No. 4:15-cv-30-RLY-WGH on behalf of Robert Lynn, Inc.

On March 11, 2015, the bankruptcy court filed a Notice of Incomplete Filing, noting that the filing fee had not been paid. The bankruptcy court also filed a Notice of Deficient Filing, noting that the notices of appeal were not submitted on Bankruptcy Official Form 17A. The bankruptcy court gave the Appellants until March 25, 2015 to correct the deficiencies in their initial Notices of Appeal and instructed that if not corrected, the matter would be referred to the judge for such actions as may be appropriate, including dismissal. The Notice of Incomplete Filing and the Notice of Deficient Filing were filed on the bankruptcy court docket as well as the two district court dockets. That same day, the bankruptcy court also transmitted the initial Notices of Appeal from Bankruptcy Court to the District Court in both pending appeals. (*See* Filing No. 1.)

On March 26, 2015, one day after the bankruptcy court's extended deadline, Appellants filed a Notice of Appeal and Statement of Election on the Bankruptcy Official Form 17A. In the Notice of Appeal and Statement of Election Form 17A, Appellants indicated that they were appealing the bankruptcy court's judgment order but provided no indication whether they were also appealing the bankruptcy court's motion to strike order. Once again, Appellants filed duplicate documents in the two district court cases.

That same day, the bankruptcy court issued another Notice of Deficient Filing, indicating that the Appellants' Notice of Appeal and Statement of Election Form 17A lacked a signature. However, the bankruptcy court was silent about the missed deadline. Appellants promptly resubmitted their Notice of Appeal and Statement of Election Form 17A with a signature, which was transmitted to the district court and docketed as an Amended Notice of Appeal. (Filing No. 3.) The Appellants again filed duplicate documents, both of which were submitted to the district court and separately filed in the identical pending appeals. Four days later, on March 30, 2015, the Appellants filed a Statement of Issues and Designations before the bankruptcy court, indicating once again that they were appealing both the bankruptcy court's judgment order and the order on the motion to strike. On April 13, 2015, the Trustee filed a Motion to Strike the Appellants' Statement of Issues and Designations, arguing that the Statement of Issues and Designations was inconsistent with the Appellants' Notice of Appeal and Statement of Election on the Bankruptcy Official Form 17A, which only indicated an appeal from the bankruptcy court's judgment order. (Filing No. 21.)

On April 24, 2015, Appellants filed their Appellant Brief in this Court. (Filing No. 9.) In their Appellate Brief, Appellants again indicated that they were appealing both the bankruptcy court's judgment order and the order on the motion to strike. On May 7, 2015, the Trustee filed

3

the instant motion to dismiss the appeal, pointing out the Appellants' numerous errors in violation of several bankruptcy procedural rules, and that Appellants filed their Statement of Issues and Designation more than twenty days after the initial Notice of Appeal, purportedly in violation of Bankruptcy Rule 8009(a)(1)(B). The Trustee noted sixteen violations of the bankruptcy formatting rules in the Appellant Brief. On May 20, 2015, briefing was stayed in the instant appeal, pending a ruling on the Appellee's Motion to Dismiss. ([Filing No. 12](#).) The Trustee further argued that the appeal should be dismissed because Mr. Lynn is appealing a judgment that was rendered in his favor.

In his response brief, Appellants' counsel acknowledges that he made numerous technical mistakes and states that "although he has been in practice for a number of years, this is his first appeal from a bankruptcy decision." ([Filing No. 13](#).) Counsel asserts that he attempted to obtain examples to follow, sought advice from other attorneys and attempted to review all of the rules that he needed to follow. As for the duplicate filings, counsel stated:

> Appellant is not sure why there are two separate courts with two separate judges handling the appeal and requests that the Court dismiss the Appeal of Robert Lynn (4:15-CV-00030-RLY-WGH) or consolidate the Appeals (4:15-CV-00029-TWP-TAB and 4:15-CV-00030-RLY-WGH). The Appellant made every attempt to follow the instruction of the Court staff as to the initial filing of this Appeal, but either confused them or did not correctly interpret their instructions.

([Filing No. 13 at 2-3](#).) In a failed attempt to cure the formatting errors in the initial Appellate Brief, Appellants include what purports to be an amended Brief of Appellant/Robert Lynn Company, Inc. ([Filing No. 13 at 4-19](#).) The amended Appellate Brief does not appeal the bankruptcy court's order on the motion to strike. That same day, Appellants refiled their response to the Motion to Dismiss seven more times and again, each filing contains a section labeled Brief of Appellant/Robert Lynn Company, Inc. ([Filing No. 14](#), [Filing No. 15](#), [Filing No. 16](#), [Filing No. 17](#), [Filing No. 18](#), [Filing No. 19](#) and [Filing No. 20](#).) Each filing also contains an attachment labeled

4

"Exhibits in Support of Response in Opposition of Motion to Dismiss." The Trustee did not file a reply to the Motion to Dismiss.

On September 28, 2015, District Court Judge Young noted that the Appellants had filed identical appeals and dismissed the duplicate appeal which was pending in his court. On October 20, 2015, the duplicate appeal case was closed, leaving only this appeal before the undersigned. (*See* No. 4:15-cv-30-RLY-WGH, Filing No. 27.)

## II. LEGAL STANDARD

When deciding whether to dismiss an appeal because of noncompliance with non-jurisdictional bankruptcy procedural rules, the court must consider (1) whether alternative measures in lieu of dismissal are available and (2) whether the conduct giving rise to the dismissal was caused by the party's attorney. *In re Thompson*, 140 B.R. at 983; *Larson*, 442 B.R. at 911. While not espousing any particular standard, the Seventh Circuit has previously applied an "excusable neglect" standard for late-filed designations of record and statement of issues. *See, e.g.*, *In re Bulic*, 997 F.2d 299, 302-303 (7th Cir. 1993) (dismissing an appeal because the bankruptcy court had previously found that the appellants had delayed an appeal in bad faith); *see also Han v. Linstrom*, No. 02 CV 213, 2002 WL 31049846, *2-4 (N.D. Ill. 2002) (dismissing an appeal because the appellant failed to acquaint himself to the bankruptcy filing deadlines and noting that "excusable neglect . . . does not encompass ignorance of the rules or errors in their construction").

## III. DISCUSSION

### A. Jurisdiction to Resolve the Pending Motions

As an initial matter, the Court notes that the district court and the bankruptcy court have overlapping jurisdiction to rule on the Motion to Strike, but only this Court has jurisdiction to rule

5

on the Motion to Dismiss. *See In re Schwinn Bicycle Co. v. AFS Cycle & Co.*, 204 B.R. 13, 16 (Bankr. N.D. Ill. 1997) (noting that the bankruptcy court retains limited jurisdiction after the notice of appeal to determine issues concerning what items should be included in the designation of record and to grant or deny extensions of time to file a designation, but noting that only the district court or bankruptcy appellate panel has jurisdiction to dismiss an appeal); *In re Carlson*, 255 B.R. 22, 23 (Bankr. N.D. Ill. 2000) (noting that the bankruptcy court retains jurisdiction "to enter orders pertaining to the appeal record in aid of the appeal process"); *In re Schmitz*, 436 B.R. 110, 111 (Bankr. W.D. Wis. 2010); Fed. R. Bankr. P. 8009(e)(2) (noting that both the bankruptcy court and appellate court have jurisdiction to correct omissions or misstatements in the appellate record). Accordingly, this Court will resolve both motions in this Entry.

**B.** <u>**Motion to Dismiss the Appeal**</u>

First, the Trustee argues that that this case should be dismissed because Mr. Lynn is appealing a judgment that was rendered in his favor. The Trustee argues that it is a waste of time and resources and there is no legitimate reason for Mr. Lynn to appeal a judgment rendered in his favor. The Court agrees that this legal strategy is puzzling. However, the Trustee has presented no rule or authority to support her position. Accordingly, dismissal on that basis is not supported.

Next, the Trustee argues dismissal is warranted because Appellants failed to comply with the deadline for filing the Statement of Issues and Designation, as determined by Bankruptcy Rule 8009(a)(1)(B). Along with this argument, the Trustee points out that the Appellant has a history of failing to follow bankruptcy procedural rules and deadlines.

A notice of appeal must be filed with the bankruptcy clerk within fourteen days after entry of the judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002(a)(1). The bankruptcy court may extend the time to file a notice of appeal upon a party's motion. Fed. R. Bankr. P.

8002(d)(1). Within fourteen days of filing the notice of appeal, the Appellant must file with the bankruptcy clerk a designation of the items to be included in the record on appeal and a statement of the issues to be presented. Fed. R. Bankr. P. 8009(a)(1).

Failure to comply with Bankruptcy Rule 8009[1] is not jurisdictional, but such a failure may still be the basis for dismissal of an appeal. *In re Thompson*, 140 B.R. 979, 982 (Bankr. N.D. Ill. 1992) (dismissing an appeal because of the appellants' "indifference to compliance with the rules" and the appellants' "meaningless and incomprehensible" filings); *Larson v. Jendusa-Nicolai*, 442 B.R. 905, 911 (Bankr. E.D. Wis. 2010) (dismissing an appeal because of the appellant's delayed compliance with the bankruptcy procedural rules). The Appellant bears the burden of providing the bankruptcy appellate court with an adequate record of appeal. *In re Thompson*, 140 B.R. at 982 ("An adequate designation of issues on appeal is . . . necessary to put the appellee on notice as to which issues it must defend against"); *Larson*, 442 B.R. at 911.

The Trustee's position is well taken, however, the determination of whether the applicable deadlines were followed is not certain. The Appellants filed their initial, self-styled Notice of Appeal on March 10, 2015, eleven days after the bankruptcy court's judgment order and clearly within the deadlines of Fed. R. Bankr. P. 8002(a)(1). However, the Notice of Appeal was deficient as it was not properly filed on a Bankruptcy Official Form 17A. The bankruptcy court caught the deficiency and gave Appellants until March 25, 2015 to file the Notice of Appeal on the Official Form. The Appellants corrected the deficiency, but missed the bankruptcy court's new deadline by one day, filing the Notice of Appeal and Statement of Election Form 17A on March 26, 2015 rather than on March 25, 2015.

---

[1] The Federal Bankruptcy Procedural Rules were recently amended to reflect the Federal Appellate Rules. One of the changes included moving and amending the substance of Rule 8006 to Rule 8009. Because the new Rule 8009 is essentially the same as the previous Rule 8006, the Court uses the case law interpreting and applying the previous Rule 8006 to interpret and apply the new Rule 8009.

7

The Appellants have provided no explanation or excuse for the missed deadline. However, the bankruptcy court did not strike the late filing, but instead, required the Appellants to refile the document with a signature and thereafter, transmitted the signed document to this Court. Importantly, the Trustee did not move for sanctions for the late filing before the bankruptcy court. Four days later, on March 30, 2015, the Appellants filed a Statement of Issues and Designations before the bankruptcy court. The Trustee now contends that the Statement of Issues and Designations was untimely filed because it was filed more than fourteen days after the *initial* Notice of Appeal, in violation of Fed. R. Bankr. P. 8009(a)(1).

While the Trustee's narrow interpretation of the deadlines may be persuasive, this interpretation may not be accurate. It appears that the bankruptcy court extended the deadline for filing the Notice of Appeal under Fed. R. Bankr. P. 8002(a)(1) when it filed the Notice of Deficient Filing and gave the Appellants until March 25, 2015 to correct their initial filing. If that is a correct interpretation, then the deadline for filing the Statement of Issues and Designations would extend fourteen days thereafter, and the Appellants' filing of the Statement of Issues and Designations on March 30, 2015 would be considered timely filed under Fed. R. Bankr. P. 8009(a)(1).

The bankruptcy court's Notice of Deficient Filing does not clearly state whether the Notice was intended to extend the Rule 8002 deadline nor does it state whether the Rule 8009 deadline was also correspondingly extended. What is clear, however, is that the Trustee did not object to the late filing before the bankruptcy court. Similarly, the Trustee did not raise an objection when the Appellants filed the Notice of Appeal and Statement of Election Form 17A one day after the bankruptcy court's extended deadline. Accordingly, while the Appellants undoubtedly missed the bankruptcy court's deadline for curing the Notice of Appeal, the Court is not persuaded that Appellants also violated Rule 8009(a)(1) in the process. Nevertheless, even assuming there was a

8

violation of Rule 8009, this Court is not convinced that dismissal of the appeal is warranted for this reason.

Without question, the Appellants' attorney is responsible for numerous filing and procedural missteps in this appeal process, including making duplicate filings, resulting in two identical appeals; filing the amended appellate brief as part of his response brief to the motion to dismiss; frequently shifting back and forth between solely appealing the bankruptcy judgment order and also appealing the bankruptcy motion to strike order; and refiling the response brief seven times and attaching his exhibits separately to each one. The Appellants' attorney concedes to his deficiencies in his response brief, blaming his repeated errors on his lack of experience with bankruptcy appeals. In essence, Appellants assert excusable neglect for their errors and omissions.

In *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court held that "neglect" includes omissions through carelessness and mistake. In considering what is "excusable," courts are directed to examine all relevant circumstances, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer,* at 113 S.Ct. at 1500. The *Pioneer* court also held that it did not matter that the fault was caused by the attorney and not the party, because clients are accountable for the acts and omissions of their attorney. *Id.* Further, under Rule 8001(a), courts clearly have broad discretion in determining excusable neglect, and where they have discussed specified factors they have included egregiousness, prejudice, or bad faith in their decisions on dismissal. *In re Bulic*, 997 F.2d at 302. Here, Appellants' attorney appears to be acting out of inexperience rather than out of bad faith or intention to delay this appeal. In addition, alternatives to dismissal are

9

available in this circumstance. While it is a close call, the Court deems counsel's neglect to be excusable.

In a similar vein, Fed. R. Bankr. P. 1001 provides that "[t]hese rules should be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." "In the interest of expediting decision or for other cause in a particular case, the district court . . . may suspend the requirements or provisions of the rules in Part VIII", including Rule 8009. Fed. R. Bankr. P. 8028. Consequently, because the Appellants' attorney has not acted in bad faith and because allowing this appeal to proceed permits a more speedy resolution of the merits, the Court considers dismissal of this appeal to be unwarranted.

**C.**       **Alternative Motion to Strike and Sanctions**

Despite Appellants' efforts to cure its deficiencies, the docket in this case remains in shambles. Appellants have attempted to timely file a properly formatted Appellate Brief (*see* Filing No. 13 through Filing No. 20 at 4-19), however, again they have failed miserably. Perhaps out of frustration, the Trustee did not even bother to file a reply to express additional objections to the amended filings, despite raising over sixteen formatting objections to the initially filed Appellate Brief.

The Court has serious concerns about the filings in this case that warrant addressing. While the Court does not consider dismissal of the appeal to be appropriate, the Court agrees that the Appellate Brief must be stricken because of the numerous formatting errors. In addition, because the amended Appellate Brief is included as part of the Appellants' response brief, it is not properly before the Court. Further, Filings 14 through 20 are improperly filed, as they are mere copies of the response brief with appeal exhibits attached. These too must be stricken from the record.

10

The Trustee requests sanctions in this matter based on Appellants' history of failing to follow bankruptcy procedural rules and deadlines. Appellants' ineptness in complying with the bankruptcy rules has no doubt caused the Trustee considerable frustration and wasted valuable time. In his dismissal order, Chief Judge Young noted that although the procedural mistakes have resulted in "frustration" to the Appellee, they did not warrant sanctions. (*See* No. 4:15-cv-30-RLY-WGH, Filing No. 27.) This Court agrees. However, Appellants are warned that future procedural violations and missed deadlines may result in sanctions including dismissal and/or fines. As stated earlier, excusable neglect does not encompass ignorance of the rules or errors in their construction. Similarly, lack of experience is no excuse for ineptness or incompetence. Although the Court is not imposing sanctions, Appellants' counsel is instructed to familiarize himself with the applicable rules of procedure. Additionally, because of the numerous filing errors in this case, Appellants' counsel is ordered to attend an electronic filing training to prevent future filing errors in this case.

### D. Motion to Strike the Statement of Issues and Designations

The Trustee argues that the portion of the Appellants' Statement of Issues and Designation, wherein the Appellants appear to appeal both the bankruptcy court's judgment order and the bankruptcy court's motion to strike order, should be stricken because the Notice of Appeal and Statement of Election Form 17A only indicates an appeal of the bankruptcy court's judgment order. This motion is moot as Appellants now state that they are only appealing the bankruptcy court's judgment order. (*See* Filing No. 13.)

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Trustee's Motion to Dismiss but **GRANTS** the Alternative Motion to Strike (Filing No. 10). The Court **STRIKES** Filing No. 9

and Filings No. 14-20 from the record.  Appellants are **ORDERED** to refile a properly formatted Appellate Brief that is limited to addressing the bankruptcy court's judgment order by **November 20, 2015**.  In addition, Appellants are **ORDERED** to file a separate appendix that complies with Fed. R. Bankr. P. 8018 by **November 20, 2015**.

The Trustee's Motion to Strike portions of Appellants' statement of issues on appeal (Filing No. 21) is **DENIED as moot.**

Finally, Appellants' counsel (and/or his designated ECF filer) is **ORDERED** to complete a free electronic filing training session by **November 20, 2015**.  This training can be arranged by contacting the Court's Electronic Case Filing Administrator at (317) 229-3986.  After completing the training and before the **November 20, 2015** deadline, the Appellants' counsel is **ORDERED** to file a notice of having complied with this Entry.

Consistent with the Magistrate Judge's order (Filing No. 22), the Trustee's responsive brief will be filed no later than **December 20, 2015** and Appellant's reply brief, if any, will be filed no later than **January 11, 2016**.

SO ORDERED.

Date: 11/13/2015

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles R. Murphy
ATTORNEY AT LAW
terrax@win.net

Deborah J. Caruso
DALE & EKE
dcaruso@daleeke.com

Erick P. Knoblock
DALE & EKE PC
eknoblock@daleeke.com

Meredith R. Theisen
DALE & EKE, P.C.
mtheisen@daleeke.com